**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VEHICLE OPERATION TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PORSCHE CARS NORTH AMERICA, INC.,<br><br>    Defendant. | C.A. No. 13-542-RGA |

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DECLARE THIS CASE EXCEPTIONAL PURSUANT TO 35 U.S.C. § 285**

OF COUNSEL:

Russell E. Levine, P.C.
James W. Dejmek
Kristina Hendricks
G. William Foster
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
(312) 862-2000
russell.levine@kirkland.com
james.dejmek@kirkland.com
kristina.hendricks@kirkland.com
billy.foster@kirkland.com

Date: September 26, 2014

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant and Counterclaimant
Porsche Cars North America, Inc.*

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND—THIS COURT ALREADY FOUND THAT VOT AND ITS
     COUNSEL'S CONDUCT VIOLATED RULE 11 .............................................................. 2

III. LEGAL STANDARD—THE COURT MAY AWARD FEES IN
     EXCEPTIONAL CASES LIKE THIS ............................................................................... 4

IV.  ARGUMENT ..................................................................................................................... 6

     A.   VOT Maintained This Lawsuit Based On Frivolous Claim Construction
          Positions In Violation Of Rule 11, Rendering This Case Exceptional ................... 6

     B.   Porsche Is A "Prevailing Party" ................................................................................ 7

     C.   Porsche's Attorney's Fees And Costs Should Be Awarded ..................................... 7

V.   CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Central Soya Co., Inc. v. Geo. A. Hormel & Co.*,
   723 F.2d 1573 (Fed. Cir. 1983) ................................................................................................ 8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................................. 8

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
   134 S.Ct. 1744 (2014) .............................................................................................................. 5

*Inland Steel Co. v. LTV Steel Co.*,
   364 F.3d 1318 (Fed. Cir. 2004) ................................................................................................ 5

*Kilopass Tech., Inc. v. Sidense Corp.*,
   738 F.3d 1302 (Fed. Cir. 2013) ................................................................................................ 8

*Lam, Inc. v. Johns-Manville Corp.*,
   718 F.2d 1056 (Fed. Cir. 1983) ................................................................................................ 8

*Mathis v. Spears*,
   857 F.2d 749 (Fed. Cir. 1988) .................................................................................................. 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ............................................................................................................. 5

*Parallel Iron LLC v. NetApp Inc.*,
   No. 12-cv-769-RGA, D.I. 91 (D. Del. Sept. 12, 2014) ............................................................ 5

*Sorkin v. Universal Bldg. Prods., Inc.*,
   No. 1:08-cv-133, 2010 WL 519742 (E.D. Tex. Feb. 9, 2010) ................................................. 8

*Takeda Chern. Indus., Ltd v. Mylan Labs., Inc.*,
   549 F.3d 1381 (Fed. Cir. 2008) ................................................................................................ 8

*Yufa v. TSI Inc.*, No. 12-cv-01315, 2014 WL 4071902 (N.D. Cal. Aug. 14, 2014) ....................... 5

**Statutes**

§ 1920 ............................................................................................................................................ 8

35 U.S.C. § 285 ..................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 54(d)(2)(b)(iii) ...................................................................................................... 9

**I.     INTRODUCTION**

Defendant Porsche Cars North America, Inc. ("Porsche") submits this opening brief in support of its motion to declare this case exceptional under 35 U.S.C. § 285 for purposes of awarding fees and costs.

The actions of VOT in this case fell so far short of any acceptable standard of conduct that this Court dismissed the case as a sanction under Rule 11—the first time this Court has granted such extraordinary relief.  The facts of this case, which have already been settled by the Court, read like a laundry list of sanctionable offenses.  VOT and its counsel failed to perform a reasonable pre-suit investigation before filing suit, ignoring both the prosecution history and the publicly available information about the accused products when a cursory examination of either would have made clear to any reasonable attorney that the case was frivolous.  The Defendants warned VOT immediately that the cases against them were baseless, and although VOT's original *pro hac vice* counsel initially ignored those warnings, VOT's original *pro hac vice* counsel eventually withdrew in the face of the Defendants' Rule 11 motions.  VOT, however, perpetuated this litigation by securing the services of new litigation counsel willing to press on with the baseless allegations.  VOT's new litigation counsel entered this case and picked up right where the withdrawn counsel left off, parroting the same baseless arguments.

But VOT and its counsel could not maintain the frivolity indefinitely.  The Court determined that VOT's claims were so obviously meritless and objectively baseless that they should be dismissed as a sanction under Rule 11.  VOT's extraordinarily frivolous claims deserved an extraordinary remedy.  These are exceptional facts.

## II. BACKGROUND—THIS COURT ALREADY FOUND THAT VOT AND ITS COUNSEL'S CONDUCT VIOLATED RULE 11

On April 5, 2013, VOT brought six separate actions against Honda, BMW, Ford, GM, Nissan, and Porsche alleging infringement of U.S. Patent No. 7,145,442 (the "'442 Patent"). On April 23, 2013, VOT filed another action alleging infringement of the '442 Patent by Mitsubishi. Soon after answering VOT's Complaint, BMW sent two separate letters to VOT's counsel—the first, on July 17, 2013, explaining how clear disclaimers made by the applicant during prosecution of the '442 patent application regarding multi-function displays plainly excluded any of BMW's products from the scope of the asserted claims (1:13-cv-00538-RGA D.I. 22-1 at 20–23, PageID #143–46), and the second, on August 5, 2013, detailing the grounds for BMW's imminent Rule 11 motion if VOT failed to withdraw its unsupportable patent allegations (*id.* at 25–26, PageID #148–49). After BMW sent its second letter, the Court held an initial scheduling conference on August 6, 2013, during which counsel for BMW again informed VOT that due to claim scope disavowal the case was ripe for immediate dismissal. Porsche and the other Defendants requested leave from the Court to file a Rule 11 motion, which the Court granted.

After receiving service of Defendants' Rule 11 motions, VOT did not dismiss its complaints in these actions. Instead, on September 25, 2013, on the eve of the expiration of the 21-day safe harbor period, Plaintiff's original *pro hac vice* attorneys of Russ August & Kabat, withdrew from the cases. (*See, e.g.*, 1:13-cv-00542-RGA D.I. 21). Five days later, on September 30, 2013, Mitsubishi, Porsche, BMW, Ford, Nissan, and General Motors filed their motions for violation of Rule 11. (*See, e.g.*, 1: 13-cv-00542 D.I. 22). Almost immediately thereafter, on October 2, 2013, attorneys from Buether Joe & Carpenter LLC ("BJC") filed for *pro hac vice* admission to represent VOT. (1:13-cv-00542-RGA D.I. 25). Throughout these cases, lawyers

from Bayard, P.A. have continued to serve as local counsel for VOT. (*See, e.g.*, 1:13-cv-00542-RGA D.I. 1 at 5).

Despite there being a newly-filed Rule 11 motion on the docket, the attorneys from BJC entirely took over these cases after entering their appearances, providing general representation to VOT.  In fact, the attorneys from BJC fully briefed the Rule 11 motions and, after the Court scheduled an early *Markman* hearing concerning the construction of a single term to determine if the applicant disclaimed multi-function displays from the asserted patents, briefed VOT's frivolous claim construction positions as well.  After the briefing concluded, the attorneys from BJC argued both the *Markman* and Rule 11 hearings, which took place on June 27, 2014, as supported by lawyers from Bayard, P.A.  Through these actions, the attorneys from BJC affirmed to the Court that they were adopting the initial complaint as their own, and that they then believed that the complaint had merit and did not violate Rule 11, all of which was again supported by lawyers from Bayard, P.A.

Immediately following the *Markman* hearing, the Court issued a ruling from the bench adopting the Defendants' claim construction, finding that the applicant had expressly disclaimed the types of multi-function displays used in all the accused products, and summarily rejecting the claim construction proffered by the attorneys from BJC.  *See* Ex. 1 (transcript from Rule 11 Hearing) at 5:18–12:15.  In fact, the Court specifically noted that the claim construction dispute between the parties "wasn't even close." *Id.* at 24:6–10.  VOT, however, refused to accept that its arguments were meritless and pushed forward with the litigation, causing all Defendants to continue to incur expenses unnecessarily.  Nearly a month after the hearing, VOT's counsel filed a letter purportedly requesting a "clarification" of the Court's already clear ruling.  (1:13-cv-00542-RGA D.I. 55).  But VOT's letter merely sought to reargue the same claim construction

3

positions that the Court already rejected, forcing the Defendants to submit a responsive letter rebutting VOT's frivolous arguments yet again. (1:13-cv-00542-RGA D.I. 58).

After receipt of the parties' letters, on September 12, 2014, the Court ruled on the Defendants' Rule 11 motions, finding that VOT's counsel violated Rule 11 for advancing a frivolous claim construction (1:13-cv-00542-RGA D.I. 62, at *16-19) and failing to conduct an objectively reasonable pre-suit investigation. *Id.* at *19-20. Regarding VOT's claim construction, the Court explicitly found that "no reasonable attorney or judge could conclude that [VOT and its counsel's] argument that there was no disclaimer of claim scope was anything but frivolous" (*id.* at 17), and that, despite repeated warnings, VOT and its counsel "continued to litigate legally baseless arguments." *Id.* at 21. Further, the Court determined that the pre-suit investigation was entirely inadequate and that "a reasonable objective pre-suit investigation would have indicated that the present action is without any merit and violates Rule 11(b)(2)." *Id.* at 20. The Court concluded that, "while dismissal of a lawsuit with prejudice is the harshest sanction available . . . it [was] warranted here," and dismissed the cases with prejudice. *Id.* at 22. Underscoring the exceptional nature of these cases, the Court noted at the Rule 11 hearing that, until now, it had "never actually imposed sanctions under Rule 11." Ex. 1 at 36:12–24.

### III.  LEGAL STANDARD—THE COURT MAY AWARD FEES IN EXCEPTIONAL CASES LIKE THIS

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court recently defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in

4

which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In a post-*Octane Fitness* decision granting a motion for attorney's fees and non-taxable costs, the Court stated that the failure to conduct an adequate pre-filing investigation "weighs in favor of finding that … [a] case is exceptional." *Yufa v. TSI Inc.*, No. 12-cv-01315, 2014 WL 4071902, at *3 (N.D. Cal. Aug. 14, 2014).

Further, exceptionality need only be proved by a preponderance of the evidence, and no independently sanctionable conduct or bad faith is required. *Octane Fitness*, 134 S. Ct. at 1757-58. Section 285 demands "a simple discretionary inquiry" which imposes "no specific evidentiary burden." *Id.* And exceptionality determinations are reviewed on an abuse of discretion standard. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S.Ct. 1744, 1749 (2014).

When determining whether a party is a prevailing party, the Federal Circuit has followed the Supreme Court's definition of a prevailing party as used in other fee-shifting statutes. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). In *Inland Steel*, the Federal Circuit held that district courts are to "apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters ... the legal relationship of the parties." *Id.* (quotation marks omitted, ellipses in original). "In sum, precedent from both the Supreme Court and the Federal Circuit make clear that for a party to be a *prevailing party,* that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, No. 12-cv-769-RGA, D.I. 91 (Memorandum Opinion), at*6 (D. Del. Sept. 12, 2014).

5

## IV.     ARGUMENT

### A.     VOT Maintained This Lawsuit Based On Frivolous Claim Construction Positions In Violation Of Rule 11, Rendering This Case Exceptional

The Court has already determined that this case is exceptional and unquestionably stands out from the norm. Thus, an award of fees under 35 U.S.C § 285 is warranted. Indeed, before VOT, this Court had "never actually imposed sanctions under Rule 11." Ex. 1 at 36:12-24. To support its finding, the Court's Rule 11 decision catalogues the exceptional behavior of VOT and its counsel that warranted dismissal of this case with prejudice—the harshest sanction available under Rule 11—and renders it exceptional. Specifically, the Court found that "any reasonable counsel must have recognized the equivalent of a railroad crossing with the loud sound of a nearby train whistle," but this warning was ignored at every turn. (1:13-cv-00542-RGA D.I. 61, at *18 ). For example, the Court held that:

- VOT's attorneys from BJC took over these cases with a Rule 11 motion already on the docket, and after VOT's original *pro hac vice* counsel voluntarily withdrew (*id.* at *3);

- VOT's counsel failed to perform even a cursory pre-suit investigation into its claims, involving as little as simply looking at the relevant pages of the owner's manuals for the accused products (*id.* at *19);

- VOT's counsel continued to litigate these baseless matters, "turn[ing] a blind eye to the actual vehicles they were accusing of infringement," despite at least five separate warnings from Defendants that the accused products could not possibly infringe (*id.* at *19);

- VOT and its counsel ignored "a clear, unambiguous disavowal of claim scope for non-dedicated displays, which would have been apparent in any pre-suit investigation" (*id.* at *18); and

- VOT and its counsel recklessly asserted infringement against Defendants' multi-function displays despite the fact that "an objectively reasonable pre-suit investigation would have led an attorney to the conclusion that the only plausible reading of the aforementioned disclaimers was to limit the scope of the term 'display'" (*Id.* at 17).

In sum, the Court concluded that VOT "litigated this suit for over a year, without regard to the prosecution disclaimer that made this suit objectively baseless, or for that matter Rule 11's basic requirement for an adequate pre-suit investigation." *Id.* at 22.

Thus, this Court has already determined that the improper acts committed by VOT and its counsel—ignoring the applicant's clear and repeated disclaimers of the multi-function displays used in the accused products, failing to conduct an adequate investigation into the accused products, advancing a frivolous claim construction unsupported by law or facts, recklessly litigating these case despite many warnings that they were meritless, and others—are independently sanctionable. And finding conduct "sanctionable" under Rule 11, as this Court already has, necessitates a finding that the case is also exceptional under §285, for the Supreme Court determined that a case may be exceptional even if the conduct of the parties does not violate Rule 11. In fact, the Supreme Court recently held in *Octane Fitness* that "[a] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." 134 S. Ct. at 1757. Here, VOT and its counsel's conduct exceeds the merely "exceptional," and has already been found by this Court to have violated Rule 11.

### B. Porsche Is A "Prevailing Party"

The Court dismissed VOT's case against Porsche with prejudice as a sanction under Rule 11. (1:13-cv-00542-RGA D.I. 62, at *26). Moreover, this Court's Local Rules explain that the "defendant is the prevailing party upon a dismissal ... of the case without judgment for the plaintiff on the merits." D. Del. L.R. 54.1 (c). Thus, Porsche is a "prevailing party" within the meaning of § 285.

### C. Porsche's Attorney's Fees And Costs Should Be Awarded

This Court should exercise its discretion and award Porsche the attorney's fees and non-

7

taxable costs it was forced to incur defending VOT's baseless claims. "[I]t is clear that the aim of § 285 is to compensate a defendant for attorney's fees it should not have been forced to incur." *Kilopass Tech., Inc.* v. *Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013). "The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the discretion of the district court." *Mathis* v. *Spears,* 857 F.2d 749, 754 (Fed. Cir. 1988) (citing *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983)). Where a prevailing party "has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Id.* at 755 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (internal quotations omitted)). Additionally, under 35 U.S.C. § 285, a court may award non-taxable costs accompanying the incurred attorney fees. *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983); *Sorkin v. Universal Bldg. Prods., Inc.*, No. 1:08-cv-133, 2010 WL 519742, at *6 (E.D. Tex. Feb. 9, 2010) ("[A]n award of attorney's fees pursuant to 35 U.S.C.A. § 285 allows for recovery of non-taxable costs as well, 'beyond those enumerated in § 1920.'").

Porsche therefore requests that the Court enter an order requiring VOT to reimburse it for its reasonable attorney's fees and related expenses incurred leading up to the Court's dismissal under Rule 11, plus those fees it incurred through the Court's ruling on this motion. VOT and its counsel propped up this baseless case with frivolous claim construction arguments from the start, and therefore Porsche should recover the full scope of its fees beginning from the date VOT filed its complaint. In addition to awarding fees under § 285, such fees also may be awarded pursuant to the Court's inherent authority where there has been an abuse of the judicial process. *Takeda Chem. Indus., Ltd v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). In light of VOT's conduct, an award of fees is necessary to fully compensate Porsche for the undue expense of

8

litigating this objectively baseless case.

Pursuant to Fed. R. Civ. P. 54(d)(2)(b)(iii), Porsche's current estimate of the fees and non-taxable costs that it intends to seek in the event this case is determined to be exceptional[1] is approximately $600,000.

## V. CONCLUSION

In light of the foregoing, Porsche respectfully requests that this Court declare this case exceptional pursuant to 35 U.S.C. § 285.

| | |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
| | |
| Russell E. Levine, P.C. | Frederick L. Cottrell, III (#2555) |
| James W. Dejmek | Jason J. Rawnsley (#5379) |
| Kristina Hendricks | RICHARDS, LAYTON & FINGER, P.A. |
| G. William Foster | One Rodney Square |
| KIRKLAND & ELLIS LLP | 920 N. King Street |
| 300 N. LaSalle Street | Wilmington, DE 19801 |
| Chicago, IL 60654 | (302) 651-7700 |
| (312) 862-2000 | cottrell@rlf.com |
| russell.levine@kirkland.com | rawnsley@rlf.com |
| james.dejmek@kirkland.com | |
| kristina.hendricks@kirkland.com | *Attorneys for Defendant and Counterclaimant* |
| billy.foster@kirkland.com | *Porsche Cars North America, Inc.* |

Date: September 26, 2014

---

[1] Porsche has not included its taxable costs in this estimate. VOT has filed an appeal in this case, and, pursuant to Local Rule 54.1(a)(1), Porsche will file a separate bill of costs within 14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court.

9

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, I caused to be filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification to counsel of record, and have caused copies of the foregoing to be served on the counsel listed below in the manner indicated:

**VIA ELECTRONIC MAIL**
Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

**VIA ELECTRONIC MAIL**
Eric W. Buether
Christopher M. Joe
Brian A. Carpenter
Buether Joe & Carpenter, LLC
1700 Pacific Avenue
Suite 4750
Dallas, TX 75201
eric.buether@BJCIPLaw.com
chris.joe@BJCIPLaw.com
brian.carpenter@BJCIPLaw.com

 */s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)
rawnsley@rlf.com